### In re Paris McLEOD and Brenda McLeod, Debtors.

**Bankruptcy No. 80–00384A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

May 8, 1980.

Jill R. Howard, Atlanta, Ga., for Paris McLeod and Brenda McLeod.

John G. McCullough, Wilkinson & McCullough, Atlanta, Ga., for GMAC.

HUGH ROBINSON, Bankruptcy Judge.

The above matter came on before this Court on March 25, 1980, for a hearing on confirmation of the plan, as amended, proposed by the debtors together with the objection to confirmation filed in behalf of General Motors Acceptance Corporation (GMAC). After hearing evidence and argument of counsel and consideration of the record in this matter, this Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

The debtors did, on February 5, 1980, file a petition under Chapter 13 of the Bankruptcy Reform Act of 1978, in which, as amended, they propose a composition plan to pay secured claims at 100% and unsecured claims at 50%. GMAC has filed a secured proof of claim for the sum of $5,382.36 principal, $1,209.44 unearned finance charges and $305.20 in unearned credit life and disability insurance premiums, totalling $6,897.00. This claim is secured by a 1975 Cadillac Eldorado automobile, having a present value of $4,500.00 and arises out of an installment sales contract executed by the debtors dated July 17, 1979.

The installment sale contract carries finance charges at an annual percentage rate of 26.29%, that being within the rate allowed by the Georgia Motor Vehicle Sales Finance Act, Ga.Code Ann. ¶ 96–1001, et seq. The contract provides for equal monthly installment payments of $275.88 per month, and is past due for those installments due January 31, 1980, to date.

In determining the value of said vehicle, this Court takes into account the present NADA retail and wholesale values of $5,125.00 and $4,150.00, respectively. The debtor has expressly instructed GMAC to terminate, effective immediately, the credit life and disability insurance on said contract.

This Court further finds that the plan, as amended, provides that GMAC shall retain its lien securing its allowed secured claim and that the debtor shall remain in possession of the vehicle. The Court also notes that the debtor, Paris McLeod, is presently unemployed, and will not at this time be making any payments under the plan.

## CONCLUSIONS OF LAW

■ This Court concludes that the amount of GMAC's allowed secured claim is $4,500.00, the amount determined by this Court to be the value of the vehicle. This Court declines, as urged by GMAC, to value the amount of said claim at the "replacement" cost of the vehicle or its retail value of $5,125.00. This Court further declines to take into account the unearned credit life and disability insurance premiums since that coverage has been terminated by the debtors and GMAC will receive a rebate of approximately $305.20, thereby reducing its gross claim accordingly.

■ This Court further concludes that monthly installment payments to GMAC of $200.00 per month under the plan will adequately protect its interest in its collateral.

■ In passing on confirmation of the plan, this Court is governed by 11 U.S.C. ¶ 1325(a). If this Court finds that the requirements of ¶ 1325(a)(1) through (6) are met, it "shall" confirm the plan. The facts of this case bring into play the provisions of ¶ 1325(a)(5)(B). The plan to be confirmed must provide that (1) GMAC retain its lien, which it does, 11 U.S.C. ¶ 1325(a)(5)(B)(i), and (2) that the value, as of the effective date of the plan, of the property ($4,500.00) distributed to GMAC is not less than the allowed amount of its secured claim ($4,500.00) 11 U.S.C. ¶ 1325(a)(5)(B)(ii). The Court notes that this is a composition plan providing that the unsecured portion of this claim and other unsecured claims be paid at the rate of 50%. Construing the value of said property at present value requires a capitalization of the $4,500.00 to be distributed to GMAC under the plan, thereby entitling GMAC to receive an incremental amount based upon the time value of said money. This Court concludes the time value of the property to be distributed to GMAC ($4,500.00) to be an annual percentage rate of 10% per annum. This Court declines, as urged by GMAC, to measure that time value at 26.29%, the contractual annual percentage rate in this case. See, *In re Lum*, 1 B.R. 186, 198 (Bkrtcy.E.D.Tenn. 1979).

Accordingly, it is ordered that GMAC receive as the allowed secured portion of its claim the sum of $4,500.00 to be paid at the rate of $200.00 per month, plus the time value of said sum computed at the rate of 10.00% per annum, the total of payments to GMAC on the secured portion of its claim being payable in twenty–two (22) equal

monthly installments of $220.63 plus a twenty-third installment of $120.44. The unsecured portion of GMAC's claim shall be paid along with other unsecured claims at the rate of 50%.

 This Court further finds that notwithstanding the fact that the debtor, Paris McLeod, is unemployed and will not at this time be making any payments under the plan, GMAC is adequately protected on the basis of the above monthly installments and the fact of his unemployment does not require a denial of confirmation.