**In re John Ralph MORRIS, Jr., Debtor.**

**Bankruptcy No. 580–1791.**

United States Bankruptcy Court,
N. D. Ohio.

Feb. 10, 1981.

Jerome Holub, Chapter 13 Trustee.

Robert M. Thomson, Akron, Ohio, for debtor.

L. A. Seikel, Jr., Akron, Ohio, for creditor.

## ORDER SUSTAINING OBJECTION TO CLAIM

H. F. WHITE, Bankruptcy Judge.

A petition and plan under chapter 13 of the Bankruptcy Code were filed by John Ralph Morris, Jr., hereinafter referred to as debtor, on November 13, 1980.

An objection to the claim of FinanceAmerica Corp., hereinafter referred to as creditor, was filed by Debtor on January 7, 1981.

A memorandum in opposition to said objection to claim was filed by Creditor on January 15, 1981.

At the hearing upon the objection to the claim on January 29, 1981, neither party appeared.

Debtor in his objection, contends that Creditor is claiming pre-computed interest over the life-time of the loan and has not filed a claim for the pay-off balance at the time of the filing of the petition.

Creditor, in its memorandum in opposition to objection, contends that Creditor should be allowed its interest rate pursuant to the contract as the debtor is paying off the claim in installments and the time value of money has been recognized by Bankruptcy Judges as a factor to be considered when confirming a chapter 13 plan.

A proof of claim has been filed by FinanceAmerica Corp. of Ohio in the amount of $1,866.11. The proof of claim is filed as an unsecured claim accepting debtor's plan. The loan agreement attached to the proof of claim does not evidence any security interest.

The cases cited by Creditor in its memorandum to support its contention that interest be allowed so the creditor will receive present value deal with creditors with claims secured by automobiles and second

mortgages on real property. 11 U.S.C. § 1325(a)(5)(B)(ii) does provide that a holder of a secured claim, who has not accepted the plan or who has not received from the debtor the property securing its claim, is to retain its lien and receive value, as of the effective date of the plan, of property to be distributed under the plan on account of the claim not less than the allowed amount of the claim.

From the evidence before the court, the court finds that Creditor is a holder of an unsecured claim. The requirement for confirmation as to unsecured claims is set forth in 11 U.S.C. § 1325(a)(4) which provides that:

> the value, as of the effective date of the plan, of property to be distributed under the plan on account of an allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

Creditor does not dispute that Debtor's plan meets the "best interests" test for confirmation under 11 U.S.C. § 1325(a)(4).

Pursuant to 11 U.S.C. § 502(b)(2), if an objection to claim is made, the court shall determine the amount of such claim as of the date of the filing of the petition and shall allow such claim in such amount, except to the extent that—such claim is for unmatured interest. The legislative history states that:

> Interest disallowed under this paragraph includes postpetition interest that is not yet due and payable, and any portion of prepaid interest that represents an original discounting of the claim, yet that would not have been earned on the date of bankruptcy. H.R.Rep.No. 595, 95th Cong. 1st Sess. 352 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6308.

Therefore, it is the conclusion of this court that Creditors' claim should be disallowed to the extent it includes unmatured interest. Creditor is given 10 days from the date of this order to file an amended proof of claim setting forth the amount of principal and interest due and payable at the time of the filing of Debtor's petition.

THEREFORE IT IS ORDERED that FinanceAmerica Corp. is given 10 days from the date of this order to file an amended proof of claim setting forth the amount of principal and interest due and payable at the time of the filing of the Debtor's petition.