In re James L. MARTIN and Christine S. Martin, Debtors.

No. 81 C 5229.

United States District Court, N. D. Illinois, E. D.

Feb. 10, 1982.

Asher Feren, Chicago, Ill., for debtors.

Craig Phelps, trustee.

## MEMORANDUM OPINION

MARSHALL, District Judge.

James L. and Christine S. Martin filed a petition with the United States Bankruptcy Court for the Northern District of Illinois seeking approval of a plan to pay their creditors under chapter 13 of the Bankruptcy Reform Act of 1978, 11 U.S.C. §§ 1301–30 (Supp. II 1978). The plan provided that the Martins would pay $264.00 per month to the chapter 13 trustee until 100 percent of the unsecured claims allowed by the bankruptcy court were satisfied.[1] The court refused to approve the plan. In its view, 11 U.S.C. § 726(a)(5) (Supp. II 1978) entitled the unsecured creditors to interest at 9 percent per year on the unsatisfied claims.[2] The court required the Martins to amend their plan to provide for the payment of interest, and then stayed its order pending appeal to this court.

As an initial matter, the Martins contend that the bankruptcy court lacked authority to disapprove their plan, since it was not opposed by the trustee. This argument lacks merit. Section 1324 of the Act provides that "[a]fter notice, the court shall hold a hearing on the confirmation of the plan. A party in interest may object to the confirmation of the plan." The statute is mandatory; it requires a hearing irrespective of whether a party in interest objects. Congress must have intended that the court conduct an independent inquiry into the adequacy of the plan even in the absence of an objection to the plan. The bankruptcy court had an independent duty to scrutinize the proposed plan, and its refusal to approve it was, accordingly, not unlawful. See, e.g., In re Hockaday, 3 B.R. 254, 255 (Bkrtcy.S.D.Cal.1980); In re Fizer, 1 B.R. 400, 402 (Bkrtcy.S.D.Ohio 1979).[3]

1. At present, the unsecured allowed claims total $2,666.00. There apparently may be another unsecured claim for approximately $1,500 allowed against the Martins.

2. Section 726(a)(5) refers to "payment of interest at the legal rate." The court below derived the 9 percent figure from the judgment rate specified in Ill.Rev.Stat. ch. 74, § 3 (1979). The Martins do not raise the question whether the 9 percent figure is the appropriate "legal rate."

3. This raises a related problem. Before this court, the chapter 13 trustee has declined to file a brief or take a position on the appeal. It is difficult to understand how the trustee's inac-

■ The question whether the court below should have approved the Martins' plan is governed by 11 U.S.C. § 1325 (Supp. II 1978). It provides,

(a) The court shall confirm a plan if—

(1) the plan complies with the provisions of this chapter and with other applicable provisions of this title;.

(2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation, has been paid;

(3) the plan has been proposed in good faith and not by any means forbidden by law;

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

. . . . .

(6) the debtor will be able to make all payments under the plan and to comply with the plan.

Judge James apparently concluded that requirements (1) through (3) and (6) were satisfied by the plan. The problem was with requirement (4). If the Martins' estate had been liquidated under chapter 7, unsecured creditors would have been entitled to postpetition interest. *See* 11 U.S.C. § 726(a)(5) (Supp. II 1978). Therefore, Judge James reasoned, a plan under chapter 13 was required to provide for a similar amount of interest, if the value of the property distributed under the plan were to equal the value of a liquidation under chapter 7.

The problem with Judge James' analysis is that the comparison required by § 1325(a)(4) is between the value of the property distributed under the plan and the amount paid to creditors if the debtor's estate were liquidated *on the effective date of the plan.* Section 1325(a)(4) refers to an immediate liquidation and distribution as of the plan's effective date. Under an immediate distribution, no subsequent interest would be accumulated; the creditors would have been paid in full on the effective date of the plan, and received no further interest. No interest would be paid under § 726(a)(5) after the effective date of the plan. Judge James' reliance on that section was misplaced, since payment of interest would not be required to equal the amounts that the unsecured creditors would have received under an immediate chapter 7 liquidation on the effective date of the plan.

However, this observation does not mean that reversal is required. The judgment below can be affirmed on another ground, that being the construction of the term "value" in § 1325(a)(4). To be confirmed, a chapter 13 plan must call for the "value" of the property distributed to equal the value of an immediate chapter 7 liquidation. However, "since this amount is to be paid out over a period of time, some additional amount must be included to protect the secured creditor from loss due to the deferred payment." *In re Cohen,* 13 B.R. 350, 355 (Bkrtcy.E.D.N.Y.1981). The "value" of payments to be stretched out over a considerable period of time is significantly less than the value of an immediate payment as of the effective date of the plan. Therefore, the amount of money paid out in the chapter 13 plan must be adjusted so that its present value equals the value of an immediate chapter 7 distribution. The legislative history of the Bankruptcy Reform Act explicitly indicates that Congress intended such a present value calculation to be made under § 1325(a)(4).

"Value, as of the effective date of the plan," as used in paragraph (3) [11 U.S.C. § 1124(3) (Supp. II 1978)] and in proposed 11 U.S.C. [§§] 1129(a)(7)(B), 1129(a)(9), 1129(b), 1172(2), 1325(a)(4), 1325(a)(5)(B),

tion is legally justified, in light of his fiduciary duties to the creditors. However, the trustee's actions are understandable given the small amount of money at issue. In any event, the trustee's inaction raises the disturbing question of whether the appeal should be decided in a nonadversarial context. In light of the result we reach, we do not believe that anyone has been prejudiced by the trustee's inaction, and so we state no conclusion with respect to it.

and 1328(b), indicates that the promised payment under the plan must be discounted to present value as of the effective date of the plan. The discounting should be based only on the unpaid balance of the amount due under the plan, until that amount, including interest, is paid in full. House Rep.No.95–595, 95th Cong., 1st Sess. 408 (1977), *reprinted in* [1978] U.S.Code Cong. & Admin.N. 5787, 6364 (1978).

The use of a present value approach under § 1325(a)(4) is supported by the weight of authority. *See In re Rimgale,* 669 F.2d 426 at 430 (7th Cir. 1982) (dictum); *In re Wojick,* 10 B.R. 328, 332 n.4 (Bkrtcy.D.Conn. 1981); *In re Hudson,* 9 B.R. 363, 366 (Bkrtcy.N.D.Ill.1981); *In re Gale,* 8 B.R. 960 (Bkrtcy.D.Md.1981); *In re McLeod,* 5 B.R. 520 (Bkrtcy.N.D.Ga.1980); *In re Williams,* 3 B.R. 728 (Bkrtcy.N.D.Ill.1980). *But see In re Morris,* 8 B.R. 924 (Bkrtcy.N.D.Ohio 1981); *In re Anderson,* 6 B.R. 601 (Bkrtcy.S. D.Ohio 1980). This approach is also supported by the leading commentator.

Section 1325(a)(4) dictates that the chapter 13 plan offer the holder of each allowed unsecured claim property, including deferred payments, of a *present* value not less than the liquidation value of such claim. In other words, the court must capitalize the proposed payments, by converting deferred payments offered the creditor into an equivalent sum as of the effective date of the plan. Section 1325(a)(4) cannot be properly applied simply by comparing the sum total of the proposed deferred payments with the likely recovery on the unsecured claim in the event of liquidation. 5 Collier on Bankruptcy ¶ 1325.10[2][D][b][ii] (L. King ed., 15th ed. 1981) (emphasis in original) (footnotes omitted).

The judgment of the bankruptcy court requiring appellants James and Christine Martin to amend their proposed plan under chapter 13 is affirmed. However, since the court did not apply a present value approach, but simply borrowed the 9 percent judgment rate employed in Illinois, the judgment below is vacated, and the case remanded so that a new determination may be made as to how the plan should be amended utilizing the present value approach.[4] Accordingly, the judgment below is AFFIRMED IN PART, VACATED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

---

**4.** We do not mean to suggest that the 9 percent figure employed below may not be utilized on remand. That figure may very well be perfectly appropriate as a calculation of the rate at which deferred payments under the plan should be discounted to present value. We remand so that the bankruptcy court may make a determination as to the appropriate rate of discount under the present value approach, instead of simply utilizing the "legal rate" within the meaning of § 726(a)(5), which may or may not coincide with the appropriate discount rate under the present value approach.