**In re Harold Eugene STAFFORD, Shirley June Stafford, Debtors.**

**Bankruptcy No. 82–20072.**

United States Bankruptcy Court,
D. Kansas.

Nov. 30, 1982.

Thomas M. Mullinix, Kansas City, Kan., for debtors.

Janice M. Karlin, Asst. U.S. Atty., Kansas City, Kan., for IRS.

Joseph H. McDowell, Kansas City, Kan., trustee.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Bankruptcy Judge.

On May 17, 1982, the debtors' Chapter 13 Plan came on for confirmation hearing. The debtors appeared by their attorney, Thomas M. Mullinix, of the firm of Evans, Mullinix & Jarcyzk. The Internal Revenue Service (IRS) appearing by Asst. U.S. Attorney, Janice Miller Karlin, objected to confirmation. The Court overruled the objection; but found that the IRS was entitled to the present value of its secured claim, pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii). The Court took under advisement, the issue of the appropriate percentage discount rate.

### FINDINGS OF FACT

Based on the evidence and pleadings, and being well and fully advised in the premises, the Court finds as follows:

1. That this Court has jurisdiction over the parties and subject matter; and that venue is proper.

2. That the debtors filed a Chapter 13 petition and Plan on January 27, 1982, in which they provided that the IRS would be fully paid on a priority basis.

3. That the IRS has an allowed claim of $1,649.23, secured by a duly filed tax lien.

### ISSUES

I. WHETHER THE APPROPRIATE § 1325(a)(5)(B)(ii) DISCOUNT FACTOR FOR A SECURED

CLAIM OF THE IRS IS THE INTEREST RATE ON TAX LIABILITIES AS PROVIDED FOR IN THE INTERNAL REVENUE CODE, 26 U.S.C. § 6621.

II. IF SO, SHOULD THE COURT ADOPT THE INTEREST RATE IN EFFECT AT THE TIME OF THE FILING OF THE PETITION OR AT THE TIME OF CONFIRMATION?

III. AND, SHOULD THE COURT ALLOW THE DISCOUNT FACTOR TO FLOAT ON AN ANNUAL BASIS AS THE INTEREST RATE IN 26 U.S.C. § 6621 FLOATS, OR SHOULD THE FACTOR BE FIXED FOR THE LIFE OF THE PLAN?

CONCLUSIONS OF LAW

I.

■ Courts have generally determined the § 1325(a)(5)(B)(ii) discount factor by three methods. Some courts use the contract rate of interest; but when the contract rate is unconscionable or inequitable, some courts use the legal rate of interest or some figure between it and the contract rate. See *In re Crockett,* 3 B.R. 365, 6 B.C.D. 226, 1 C.B.C.2d 926, CCH ¶ 67,406 (Bkrtcy.N.D.Ill.1980); *In re Lum,* 1 B.R. 186, 5 B.C.D. 1039, 1 C.B.C.2d 95, CCH ¶ 67,254 (Bkrtcy.E.D.Tenn.1979); *In re McLeod,* 5 B.R. 520, 1 C.B.C.2d 319 (Bkrtcy. N.D.Ga.1980).

Still others use the interest rate on tax liabilities as provided for in 26 U.S.C. § 6621. That section states in pertinent part as follows:

"§ 6621. Determination of rate of interest

(a) In general.—*The annual rate established under this section shall be such adjusted rate as is established by the Secretary under subsection (b).*

(b) Adjustment of interest rate.—*The Secretary shall establish an adjusted rate of interest for the purpose of subsection (a) not later than October 15 of any year*

*if the adjusted prime rate charged by banks during September of that year, rounded to the nearest full percent, is at least a full percentage point more or less than the interest rate which is then in effect. Any such adjusted rate of interest shall be equal to the adjusted prime rate charged by banks, rounded to the nearest full percent, and shall become effective on February 1 of the immediately succeeding year."*

The interest rate in 26 U.S.C. § 6621 has been used to determine the discount factor for secured trade creditors' claims as well as for secured IRS claims. See, e.g., *In re Ziegler,* 6 B.R. 3, 6 B.C.D. 194, 1 C.B.C.2d 874 (Bkrtcy.S.D.Ohio 1980); *In re Caudle,* 13 B.R. 29, 7 B.C.D. 1301 (Bkrtcy.W.D.Tenn. 1981); *In re Strong,* 12 B.R. 221 (Bkrtcy.W. D.Tenn.1981) where 26 U.S.C. § 6621 was used for secured trade creditors' claims. And see *In re Busman,* 5 B.R. 332, 6 B.C.D. 683 (Bkrtcy.E.D.N.Y.1980) where 26 U.S.C. § 6621 was used for a secured claim of the IRS. Also see *In re Nite Lite Inns,* 17 B.R. 367 (Bkrtcy.S.D.Cal.1982) where it was used as the discount factor in § 1129(b)(2)(B).

These courts found 26 U.S.C. § 6621 the favorable discount method because it uses the prime rate and is adjusted annually; thus, it is generally reflective of the economy. Furthermore, it is not unduly burdensome to the debtor since it is several points below the prevailing interest rate charged to the ordinary consumer.

The Court finds that 26 U.S.C. § 6621 is the preferable method of determining the § 1325(a)(5)(B)(ii) discount factor for secured IRS claims. Therefore, the Court adopts the use of 26 U.S.C. § 6621 herein.

II.

■ The IRS contends that the pertinent date to determine present value is as of the time of the confirmation hearing. The debtors contend that the date of the petition is the appropriate date.

Section 1325(a)(5)(B)(ii) speaks of value as of the "effective date of the plan". Most courts and commentators have construed

this to mean as of the time of the confirmation hearing or order. See *In re Strong,* 12 B.R. 221 (Bkrtcy.W.D.Tenn.1981); 5 Colliers on Bankruptcy (15th ed.) § 1325.-01(2)(E)(2)(b)(ii); Klee, *"All You Ever Wanted to Know About Cram Down Under the New Bankruptcy Code",* 53 Am.Bankr. L.J. 133, 137, n. 24 (1979). But see *In re Jewell,* 25 B.R. 44 (Bkrtcy.D.Kan.1982) where Judge James A. Pusateri found that the petition date should be used to avoid parties jockeying for continuances of the confirmation hearing in attempts to receive a better discount factor.

Although this Court prefers using the date of confirmation, the instant facts warrant the use of the petition date. At the time of the petition, the 26 U.S.C. § 6621 rate was 12%. A month later, the annual adjustment (made in October of 1981) took effect and the rate became 20%. Thus, at the time of confirmation, the rate under 26 U.S.C. § 6621 was 20%. The Court can take judicial notice that the actual prime rate is currently considerably less than 20%; and was less than 20% at the time of confirmation.

While the Court has faith that 26 U.S.C. § 6621 is generally reflective of the economy, in the presently volatile economy, an annual adjustment may not be sufficient. Therefore, the Court adopts the use of 26 U.S.C. § 6621 as the § 1325(a)(5)(B)(ii) discount factor for secured IRS claims, but reserves the right to use the 26 U.S.C. § 6621 rate in effect at the time of the petition rather than at the time of confirmation.

The use of the petition date rate seems only equitable here since the petition date rate is far more reflective of the current prime rate and the prime rate on the date of the confirmation. In *In re Nite Lite Inns,* 17 B.R. 367 (Bkrtcy.S.D.Cal.1982) another case decided in 1982, the court found that 26 U.S.C. § 6621 is prima facie evidence of the appropriate discount factor unless it is not indicative of then-existing economic conditions. The Court finds that the petition date rate is denotative of eco-nomic conditions, and accordingly, the IRS is entitled to a 12% discount factor.

### III.

Perhaps anticipating that the Court would find untenable the 20% rate in effect at the time of confirmation, the IRS suggested that the discount factor should be adjusted annually as the 26 U.S.C. § 6621 rate is. The Court agrees that an annual adjustment would be desirable, particularly in a five year plan such as this one, to avoid a windfall to either party if the 26 U.S.C. § 6621 rate substantially changes.

However, the Court finds that a floating discount factor would be impractical in a Chapter 13 plan. In the event that the 26 U.S.C. § 6621 rate increases, the plan payments would have to be increased, particularly here where the plan already runs for the maximum 60 months. Increasing the plan payments could possibly destroy its feasibility.

Moreover, courts uniformly apply a fixed discount factor. See *In re Jewell,* 25 B.R. 44 (Bkrtcy.D.Kan.1982, J. Pusateri); *In re Ziegler,* 6 B.R. 3, 6, 6 B.C.D. 194, 1 C.B.C.2d 874 (Bkrtcy.S.D. Ohio 1980).

The IRS suggested that the Court should use the 20% rate, since post-petition interest is nondischargeable under § 523(a)(1) to the extent not paid through the plan. The Court is mindful of pre-Code decisions holding that the IRS could levy and collect unpaid post-petition interest from a Chapter XI debtor after full payment of the IRS's allowed secured claim. See *In re Jaylaw Drug, Inc. v. United States Internal Revenue Service,* 1 B.R. 512, 513 (Bkrtcy.S. D.N.Y.1979) *aff'd,* 621 F.2d 524 (2d Cir. 1979). Accord, *Matter of Becker's Motor Transp. Inc.,* 632 F.2d 242 (3d Cir.1980) *cert. den., Matter of Becker's Motor Transp. Inc. v. Department of Treasury, Internal Revenue Service,* 450 U.S. 916, 101 S.Ct. 1358, 67 L.Ed.2d 341. Both of these decisions relied on *Bruning v. United States,* 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1963).

However, § 1325(a)(5)(B)(ii) only entitles the IRS to the present value of its allowed secured claim, not post petition interest or a discount rate that effectively includes post-petition interest. Accordingly, the Court finds that the IRS is entitled to a fixed discount rate of 12% for the life of the plan.

IT IS THEREFORE, BY THE COURT, ORDERED That the IRS's CLAIM BE AND THE SAME IS HEREBY DISCOUNTED TO PRESENT VALUE BY A DISCOUNT FACTOR OF 12%.