In re Leonard Robert **REDEKER**, a/k/a Leonard R. Redeker, Barbara Ellen Redeker, a/k/a Barbara E. Redeker, Debtors.

Bankruptcy No. 82–40434.

United States Bankruptcy Court, D. Kansas.

Feb. 11, 1983.

Jan W. Leuenberger, Topeka, Kan., for debtors.

Thomas A. Krueger, Emporia, Kan., for Olpe State Bank.

Lloyd C. Swartz, Topeka, Kan., trustee.

## ORDER

JAMES A. PUSATERI, Bankruptcy Judge.

The instant chapter 13 petition was filed May 13, 1982. On August 20, 1982 the Olpe State Bank (OSB) objected to confirmation of the debtors' plan stating in part:

> 6. To the extent that it is determined that the Olpe State Bank is unsecured, the Bank is entitled to a discount factor based upon a fifty-two week treasury bill rate, on the date the petition is filed.

On September 3, 1982 OSB filed a motion requesting:

> ... the contract rate of interest for that portion of the indebtedness determined to be secured and an appropriate discount factor based upon fifty-two (52) week treasury bill rate on the date that the Debtors filed the Chapter 13 Petition for that portion of the indebtedness determined unsecured.

OSB filed a claim in this proceeding on July 2, 1982 (claim number 5) and amended its claim on August 27, 1982. Both claims are in the amount of $249,800.00. OSB filed the claim as secured, asserting that the security was based in part on a real estate mortgage executed on April 30, 1982, but not recorded until May 30, 1982, after the chapter 13 petition was filed. On January 19, 1983, the trustee filed a complaint to set aside the filing and the mortgage under his avoiding powers of 11 U.S.C. § 544(a)(3). That complaint is set for trial on March 1, 1983.

There is some confusion on the part of OSB as to the rates of interest it will receive if the debtors' chapter 13 plan is confirmed.

The parties appear to assume that the trustee's avoidance complaint will be successful and the Court will assume for the purposes of this opinion that OSB's mortgage will be set aside.

Without a valid mortgage, OSB's claim will be partially secured to personal property, and partially an unsecured claim. There is a dispute concerning the amount of the secured portion of the claim, but it has been

narrowed down to $170,060.00–$177,627.28, and an unsecured claim of $72,172.72–$79,740.00.

The debts owing to OSB are represented by two notes. The first in the amount of $145,800.00 plus interest, is secured by Livestock, Grain, Feed, Farm Machinery, Equipment, and "assignment of Life Insurance Policies." The second in the amount of $104,000.00 plus interest is secured by the real estate mortgage of April 30, 1982 that the Court will assume is to be successfully avoided.

Each note states it "will secure" other indebtedness. Thus, each is cross-collateralized and there is no unilateral right to "elect" cross-collateralization by OSB. OSB has one claim with a total debt of $249,800.00, and total security worth between $170,060.00 and $177,627.28.

The debtors have nonexempt property of a value in excess of all the claims against them, and thus in a chapter 7 proceeding the unsecured creditors would receive 100% of their claims.

The issue before the Court is what discount rate must be applied to OSB's secured and unsecured claim.

The Court begins with the proposition that unmatured interest such as the future interest provided for in a promissory note is not an allowed claim in bankruptcy. 11 U.S.C. § 502(b)(2). A creditor's claim consists of the principal it is owed as of the date the bankruptcy petition is filed plus any matured interest on the principal, that is, interest that accrued up to the date the bankruptcy petition was filed.

The only creditor entitled to have unmatured contract interest included in its claim is an oversecured creditor under 11 U.S.C. § 506(b).

In chapter 13 cases, the Court has ruled that a discount rate based on an annual interest rate must be applied to secured claims to give the secured creditor the "present value" of its claim pursuant to 11 U.S.C. § 1325(a)(5).

In *In Re Jewell*, 25 B.R. 44 (Bkrtcy. D.Kan.1982), this Court held that the discount rate in chapter 13 cases would be based on the interest rate established by the sale of 52 week treasury bills. Prior to the *Jewell* decision, secured creditors received a discount rate based on a 10% interest rate. The Court stated in *Jewell:*

. . . this ruling applies only to the objecting creditors in the instant bankruptcy cases, and to creditors of debtors filing petitions on or after September 2, 1982.

Id. at 46. The Court intended that those creditors who had objected to the 10% rate, claiming it was an improper rate, prior to the date the *Jewell* decision was rendered, would be governed by the *Jewell* decision and would receive a *Jewell*-based discount rate. All other secured creditors in cases filed before September 2, 1982 would receive the standard rate of 10%.

Both before and after the *Jewell* decision, this Court has allowed secured creditors their contract rate of interest as a discount rate to the extent the secured creditor is oversecured and would be entitled to contract interest under 11 U.S.C. § 506(b). Thus, where a creditor is owed $100,000, the contract calls for 18% A.P.R. interest, and the debt is secured by property valued at $125,000.00, the creditor in the chapter 13 case would be paid its claim of $100,000.00, with the contract rate of interest as a discount rate, not on the entire claim, but only to the extent its claim is oversecured.

In the instant case, OSB is not oversecured. Its claim is $249,800.00 and the property securing its claim is worth considerably less. Thus, OSB will not receive its contract rate of interest on any portion of its claim.

This case was filed before September 2, 1982. Furthermore, OSB did not request a discount rate based on a T-bill rate of interest and did not object to the discount rate of 10% claiming it was an improper rate prior to August 17, 1982, the date the *Jewell* decision was rendered. Thus, OSB will receive a 10% discount rate on its secured claims based on this Court's holding in *In Re Jewell*.

OSB has also requested a discount rate on the unsecured portion of its claim. Payments to satisfy unsecured claims are governed by § 1325(a)(4) which provides that unsecured claims are paid,

> the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;
> . . .

11 U.S.C. § 1325(a)(4). The phrase "the value as of the effective date of the plan" appears in both § 1325(a)(4) and § 1325(a)(5)(B)(ii). This is the language requiring that creditors receive the present value of a stream of payments. Under § 1325(a)(4) the debtor must pay unsecured creditors the value of what they would receive in a chapter 7 case, and this amount paid in chapter 13 must receive a discount rate to satisfy the present value concept of § 1325(a)(4).

Therefore, the Court holds that in a chapter 13 case, unsecured creditors will receive a discount rate on the portion of their claims that would be satisfied in a chapter 7 liquidation proceeding. In a chapter 7 proceeding unsecured non-priority creditors filing timely claims generally have equal priority to payments, 11 U.S.C. § 726(a)(2), and share pro rata in the distribution. 11 U.S.C. § 726(b). Thus, in the chapter 13 proceeding, the unsecured creditor's pro rata share that it would receive in a chapter 7 liquidation must also receive a discount rate.

In this case, all unsecured creditors would receive a 100% distribution, satisfying their unsecured claims in full. Therefore, in satisfaction of its unsecured claim, OSB will receive a discount rate based on an interest rate. The Court holds that those unsecured creditors who are entitled to a discount rate will receive the same discount rate as secured creditors receive under *In Re Jewell.* In the instant case, OSB's secured claim is subject to a discount rate based on a 10% interest rate under *Jewell,* and thus OSB's

unsecured claim is likewise subject to a discount rate based on a 10% interest rate.