**In re Charles William YOUNG and Deloris Jean Young, Debtors.**

**Bankruptcy No. IP83–4462WP.**

United States Bankruptcy Court, S.D. Indiana, Indianapolis Division.

May 14, 1986.

---

Lynn Murray, UAW Legal Services Plan, Kokomo, Ind., for debtors.

Gerald A. Coraz, Asst. U.S. Atty., Indianapolis, Ind., for U.S.

Robert A. Brothers, Christ, Hadler & Brothers, Indianapolis, Ind., trustee.

*ENTRY ON TRUSTEE'S REQUEST FOR DETERMINATION OF WHETHER THE INTERNAL REVENUE SERVICE IS ENTITLED TO PRESENT VALUE PAYMENTS UNDER DEBTORS' PROPOSED CHAPTER 13 PLAN*

ROBERT L. BAYT, Bankruptcy Judge.

1. *Factual Statement*

On November 22, 1983, Debtor Charles W. Young filed his bankruptcy petition under Chapter 13 of Title 11 of the United States Code. Mr. Young filed his Chapter 13 Statement on the same date. The schedules contained within the Chapter 13 Statement show a minimal amount of nonexempt assets available for distribution to unsecured creditors.

Mr. Young's spouse, Deloris J. Young, filed a separate Chapter 13 petition on February 3, 1984. On February 9, 1984, Ms. Young filed a petition to join her proceeding with that of Mr. Young, stating that the Chapter 13 Statement, *supra*, listed identical assets, debts and creditors. This Court granted Ms. Young's petition on February 15, 1984, and Mr. and Mrs. Young's ("Debtors") cases are now consolidated under the above-captioned cause number.

On June 21, 1984, the Internal Revenue Service ("IRS") filed its first amended proof of claim, supplementing its initial January 19, 1984, proof. The amended proof of claim sets forth a priority unsecured claim in the principal amount of $20,-754.60. In addition to this principal claim, the IRS alleges entitlement to present value payments over the life of Debtors' Chapter 13 plan.

Debtors' amended Chapter 13 plan provides for "... the priority payments ... which would include amount due to taxing authorities." This amended plan, filed May 25, 1984, was confirmed by this Court's order of June 21, 1984. On February 5, 1986, Debtors filed a motion to amend the confirmed Chapter 13 plan and a second amended Chapter 13 plan, which provides for the eventual complete repayment of the principal amount of the IRS claim. The

second amended plan does not provide for post-petition interest or present value payments to the IRS.

On November 27, 1985, the trustee filed an application to allow claims and objections to claims and request for ruling. In pertinent part, the trustee requested a ruling as to whether the "... debtors will be required to pay post-petition interest...." on the IRS' claim.

Therefore, the sole issue before the Court is whether the IRS is entitled to present value payments in addition to the principal amount of the IRS priority unsecured claim.

### 2. *Analysis*

#### A. *"Interest" Versus "Present Value" Payments*

■ There can be no question that, in the ordinary sense, present value payments are a type of interest obligation. However, as the terms apply under the Bankruptcy Code, interest and present value payments are not synonymous.

An "oversecured" creditor may receive interest pursuant to 11 U.S.C. Section 506(b).[1]

> Subsection (b) [of 11 U.S.C. § 506(b) ] codifies current law by entitling a creditor with an oversecured claim to any reasonable fees, costs, or charges provided under the agreement under which the claim arose....

H.R.Rep. No. 95–989, 95th Cong., 1st Sess. (1977), *reprinted in* U.S.Code Cong. & Admin.News 1978, pp. 5787, 6312. Generally, then, an oversecured creditor may be entitled to interest based upon the underlying security agreement between debtor and creditor. This rationale holds true in the case of an involuntary loan, e.g., an IRS oversecured lien. The IRS is entitled to interest based upon the legislative conclusion that the debtor has impliedly agreed to repay his debt with interest.

Entitlement to present value payments through the application of a discount factor is distinguishable from interest payments under 11 U.S.C. Section 506(b). The relevant statutory phrase indicating a right to a present value calculation is "value, as of the effective date of the plan."

> "Value, as of the effective date of the plan," as used in [11 U.S.C. § 1124(3) ] and in proposed 11 U.S.C. 1179(a)(7)(B), 1129(a)(9), 1129(b), 1172(2), 1325(a)(4), 1325(a)(5)(B), and 1328(b), indicates that the promised payment under the plan must be discounted to present value as of the effective date of the plan....

H.R.Rep. No. 95–989, 95th Cong., 1st Sess. (1977), *reprinted in* U.S.Code Cong. & Admin.News 1978, pp. 5787, 6364. While a present value analysis may result in an interest obligation, the reason for statutory present value payments differs from any entitlement under 11 U.S.C. Section 506(b). Additional plan payments may be required to compensate a creditor for the time value of money. Application of present value payments, by use of a discount factor, is not due to any express or implied contractual obligation, but is simply a result of the debtor's deferred payment. *Accord, In re Corliss,* 43 B.R. 176, 179 (Bkrtcy.D.Or. 1984); *In re Palmer,* 53 B.R. 545, 548–549 (Bkrtcy.N.D.Tex.1985), *quoting* 85 *Corpus Juris Secundum,* Taxation § 1054 at p. 638.

#### B. *Statutory Comparison*

The relevant Chapter 11 "present value" plan provisions read as follows.

> Except as provided in section 1123(a)(4) ... a class of claims ... is impaired under the plan unless ... the plan—
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> (3) provides that, on the effective date of the plan, the holder of such claim or interest receives, on account of such claim or interest, cash equal to—

---

**1.** 11 U.S.C. Section 506(b) states:

To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim,

there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose. 11 U.S.C. § 506(b).

(A) with respect to a claim, the amount of such claim....

11 U.S.C. § 1124(3)(A).

 (a) The court shall confirm a plan only if all of the following requirements are met:

  \*  \*  \*  \*  \*  \*

 (9) Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that—

 (A) with respect to a claim of a kind specified in section 507(a)(1) or 507(a)(2) of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim;

 (B) with respect to a class of claims of a kind specified in section 507(a)(3), 507(a)(4), or 507(a)[ (6) ] of this title, each holder of a claim of such class will receive—

 (i) if such class has accepted the plan, deferred cash payments of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or

 (ii) if such class has not accepted the plan, cash on the effective date of plan equal to the allowed amount of such claim; and

 (C) with respect to a claim of the kind specified in section 507(a)[ (7) ] of this title, the holder of such claim will receive on account of such claim deferred cash payments ... of a value, as of the effective date of the plan, equal to the allowed amount of such claim.

11 U.S.C. § 1129(a)(9).

 (2) For the purpose of this subsection, the condition that a plan be fair and equitable with respect to a class includes the following requirements:

 (A) With respect to a class of secured claims, the plan provides—

  \*  \*  \*  \*  \*  \*

 (II) that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property....

11 U.S.C. § 1129(b)(2)(A)(i)(II).

The relevant Chapter 13 "present value" plan provisions read as follows.

 (a) Except as provided in subsection (b), the court shall confirm a plan if—

  \*  \*  \*  \*  \*  \*

 (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

 (5) with respect to each allowed secured claim provided for by the plan—

  \*  \*  \*  \*  \*  \*

 (B)(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim....

11 U.S.C. § 1325(a)(4), (a)(5)(B)(ii).

An examination of the relevant Chapter 11 statutes reveals that a creditor of a reorganizing debtor must "receive" deferred payments which equal, "on the effective date of the plan," the "allowed amount" of the creditor's claim. This construction has led to the conclusion that, under 11 U.S.C. Section 1129(a)(9), a discount factor must be applied, and present value payments received. *See, e.g., Matter of Burgess Wholesale Mfg. Opticians, Inc.*, 721 F.2d 1146, 1147 (7th Cir.1983).

Only one of the Chapter 13 "present value" provisions materially differs from its Chapter 11 counterpart. 11 U.S.C. Section 1325(a)(5)(B)(ii) states that a secured creditor is entitled to a "distribution" which, "as of the effective date of the plan," equals the value of "the allowed amount of such claim." Therefore, 11 U.S.C. Section 1325(a)(5)(B)(ii) has also been construed to

mandate present value payments. *See, e.g., In re Corliss, supra,* 43 B.R. at 179; *In re Frey,* 34 B.R. 607, 610–611 (Bkrtcy. M.D.Pa.1983), *quoting* 5 *Collier on Bankruptcy* ¶ 1325.01, pp. 1325–1326 (15th ed. 1979). However, the controlling statute at bar, 11 U.S.C. Section 1325(a)(4), states that an unsecured creditor is entitled to a "distribution" of a value, "as of the effective date of the plan," which is "not less than the amount" payable under a Chapter 7 liquidation. This Circuit has therefore held that Section 1325(a)(4) requires a *comparison* of "... the total of the payments to the creditor, discounted to present value, and the amount the creditor would receive in a straight liquidation." *In re Rimgale,* 669 F.2d 426, 430 (7th Cir.1982).

### C. *Entitlement to Present Value Payments under 11 U.S.C. Section 1325(a)(4)?*

The issue presently before the Court is whether the IRS, as a priority unsecured creditor, is entitled to present value payments under 11 U.S.C. Section 1325(a)(4). *Rimgale, supra,* holds that the payments offered under a Chapter 13 plan must be discounted to present value and compared with the amount to be received under a Chapter 7 liquidation. However, *Rimgale* does not decide that present value monies must always be included in the Chapter 13 repayment provisions.

Unlike every other relevant Code provision which provides for a present value calculation, *supra,* under 11 U.S.C. Section 1325(a)(4) it is not necessary that the present value of the repayment equal the amount of the creditor's allowed claim. Rather, it is only necessary that the present value of the planned payments equal the hypothetical distribution under Chapter 7. This distinction is crucial.

In *In re Hardy,* 755 F.2d 75 (6th Cir. 1985), the court held that present value payments are required under 11 U.S.C. Section 1325(a)(4).

*When liquidation will result in full payment of all allowed unsecured claims,* a debtor cannot defer [full] payment of the claims without providing interest payments to the creditors. Because the debtor's plan did not include interest on the deferred payments, the bankruptcy court properly denied confirmation of the plan. (emphasis supplied)

755 F.2d at 78. Obviously, the *Hardy* court had concluded that unsecured creditors would have received full payment given a liquidation. 755 F.2d at 76.

*In re Martin,* 17 B.R. 924 (N.D.Ill.1982), is on all fours with *Hardy, supra. Martin* involved a Chapter 13 plan which called for a complete principal repayment of the unsecured claims. The *Martin* court apparently also concluded that the creditors would have received full payment given a liquidation.

Therefore, the amount of money paid out in the chapter 13 plan must be adjusted so that its present value equals the value of an immediate chapter 7 liquidation.

17 B.R. at 925.

"Section 1325(a)(4) dictates that the chapter 13 plan offer the holder of each allowed unsecured claim property ... of a *present* value not less than the liquidation value.... Section 1325(a)(4) cannot be properly applied simply by comparing the sum total of the proposed deferred payments with the likely recovery on the unsecured claim in the event of liquidation." (emphasis in text)

17 B.R. at 926, *quoting* 5 *Collier on Bankruptcy* ¶ 1325.10[2][D][b][ii] (L. King ed., 15th ed. 1981).

The results in *Hardy* and *Martin, supra,* are correct and would be here followed given an analogous factual scenario. However, neither case addresses the instant situation where the unsecured creditor would receive less than full payment in a liquidation. Here, the Chapter 13 plan provides for full payment of the IRS' principal assessment, while there is no evidence that any distribution to the IRS would be available given a liquidation.[2]

2. *Rimgale, supra,* rebuts the IRS' argument that

the Court's comparison between the proposed

■ The Court disagrees with the general conclusion reached in *In re Redeker*, 27 B.R. 734 (Bkrtcy.D.Kan.1983), that "... unsecured creditors will receive a discount rate *on the portion of their claims* that would be satisfied in a chapter 7 liquidation proceeding." (emphasis supplied) 27 B.R. at 737. This Court holds that an unsecured creditor cannot be entitled to any present value payments under 11 U.S.C. Section 1325(a)(4) unless the relevant portion of the liquidated distributed value of a debtor's estate is greater than the value, as of the effective date of the plan, of the amount to be distributed to the unsecured creditor under the applicable Chapter 13 plan provisions. *See* 11 U.S.C. § 1325(a)(4), *supra.* *Accord, In re Jones*, 31 B.R. 485, 488–489 (Bkrtcy.N.D.Ill.1983). The section 1325(a)(4) formulation will necessarily involve a comparison of the Chapter 13 payments, discounted to present value, with the amount available to the relevant creditor(s) given a Chapter 7 liquidation.

While not dispositive of the issue, the Court notes that unsecured creditors have historically not been entitled to any form of interest on deferred repayments. The 1898 Bankruptcy Act's equivalent to Section 1325, 11 U.S.C. Section 1056, contained no language compelling interest payments to unsecured creditors.

> More than forty years ago Mr. Justice Holmes wrote for this Court that the rule stopping interest at bankruptcy had then been followed for more than a century and a half. He said the rule was not a matter of legislative command or statutory construction but, rather, a fundamental principle of the English bankruptcy* system which we copied. * * * Our present statute contains no provision expressly repudiating that principle or allowing an exception in favor of tax claims. Every logical implication from relevant provisions is to the contrary. (footnote omitted) (citation omitted)

*City of New York v. Saper*, 336 U.S. 328, 330–331, 69 S.Ct. 554, 555–556, 93 L.Ed. 710 (1949) (Jackson, J.). Similarly, 11 U.S.C. Section 1325(a)(4), *supra,* contains no provision which expressly provides for the inclusion of present value monies in *all* Chapter 13 repayments to unsecured creditors.[3]

■ Applying the legal conclusion herein to the facts at bar, the IRS has given no indication that it disputes the accuracy or veracity of Debtor's schedules. The schedules indicate that no funds would be available to the IRS given a straight liquidation. The Court therefore concludes that the IRS is not entitled to present value payments under Debtors' proposed second amended Chapter 13 plan.[4]

Pursuant to Rules 9014 and 7052, this Entry constitutes all applicable findings of fact and conclusions of law.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Debtors' proposed second amended Chapter 13 plan need not provide for present value payments to the IRS.

Chapter 13 payments and the estate's liquidated value should include the fact that the IRS claim appears to be nondischargeable under 11 U.S.C. Section 523. "'[T]he amount that would be paid on such claim if the estate of the debtor were liquidated' ... does not include additional amounts that a creditor may be able to collect after a liquidation, if he can keep the judgment alive." (emphasis deleted) *Rimgale, supra,* 669 F.2d at 430. *See also Matter of Esser*, 22 B.R. 814, 815 (Bkrtcy.E.D.Mich.1982).

3. Regarding priority unsecured tax claims, the entitlement to present value payments may differ depending upon whether the debtor is pro-

ceeding under Chapters 11 or 13. *Compare* 11 U.S.C. § 1129(a)(9)(C), *supra, with* 11 U.S.C. § 1325(a)(4), *supra.*

4. Obviously, application of a discount factor and the resulting comparison is mooted where the creditor would receive nothing given a Chapter 7 liquidation. For future reference and for the sake of consistency, however, the Court hereby determines the appropriate discount factor to be the rate *defined* by 26 *U.S.C.* § 6621. *See In re Stafford*, 24 B.R. 840, 841 (Bkrtcy.D.Kan.1982).