**In re Jimmie L. WILLIAMS and Clortee Williams, Debtors.**

**Bankruptcy No. 80 B 01348.**

United States Bankruptcy Court, N. D. Illinois, E. D.

April 15, 1980.

Asher Feren, Chicago, Ill., for debtors.

## ORDER

LAWRENCE FISHER, Bankruptcy Judge.

This matter coming on for hearing on confirmation, upon Notice to Debtors and to creditors, and the Debtors appearing thereat represented by an attorney, and the Trustee also appearing, and no creditor having appeared, and upon the Application of Debtors for the entry of an Order of Confirmation, and

The Court having examined the Chapter 13 Petition, Plan and Chapter 13 Statement, including a Monthly Family Budget, Schedule of Debts, Schedule of Property and Statement of Exemption Election and

---

Claim, and having heard the testimony of Debtors and the argument of their attorney, and the Court being fully advised in the premises;

The Court Finds:

1. Section 1324 of title 11 of the United States Code provides as follows:

"After notice, the court shall hold a hearing on the confirmation of the plan. A party in interest may object to the confirmation of the plan."

2. Section 1325 of title 11 of the United States Code provides as follows:

"(a) The court shall confirm a plan if—

(1) the plan complies with the provisions of this chapter and with other applicable provisions of this title;

(2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation, has been paid;

(3) the plan has been proposed in good faith and not by any means forbidden by law;

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

(5) with respect to each allowed secured claim provided for by the plan—
(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less that the allowed amount of such claim; or

(C) the debtor surrenders the property securing such claim to such holder; and

(6) the debtor will be able to make all payments under the plan and to comply with the plan.

(b) After confirmation of a plan, the court may order any entity from whom the debtor receives income to pay all or any part of such income to the trustee."

3. Rule 13–213 of the Chapter XIII Rules provides in pertinent part as follows:
" . . . . If no objection is timely filed the court may find, without taking proof, that the debtor has not committed any act or failed to perform any duty which would be a bar to the discharge of a bankrupt and that the plan has been proposed and its acceptance procured in good faith and not by any means, promises, or acts forbidden by law. . . . "

4. Debtors' Petition and Plan, which includes by reference Debtors' Schedule of Property and Debtors' Schedule of Debts, both a part of the Chapter 13 Statement, has been signed and verified by Debtors as follows:

"Each of the undersigned certifies under penalties of perjury that he has read the foregoing petition, plan and the attached Chapter 13 statement consisting of 8 pages and that the matters therein stated and the answers given are true and complete to the best of my knowledge, information and belief."

Debtors' Schedule of Property provides in pertinent part as follows:

"List all real estate and other property owned by you or your spouse at date of filing of original petition herein.

. . . .

| | |
|---|---|
| Description of real property—address | 4 bedrm. residence located at 9601 S. Parnell, Chicago, IL |
| Present market value without deduction for mortgage or security interest | $60,000.00 |
| The total amount of debt secured by a lien on this property | $18,000.00 |
| The net value of the property in excess of liens | $42,000.00 . . . . " |

Debtors' Schedule of Debts provides in pertinent part as follows:

| "Name, address .... | Amount due or .... claimed by creditor | Brief description of security, if any |
|---|---|---|
| Mortgage Associates, Inc. Drawer 942 Milwaukee, WI 53278 | $18,000.00 | 4 bedrm. brick residence ...." |

6. Debtors' Statement of Claimed Exemption provides in pertinent part as follows:

"Real Estate ....

| Property | Value | Amt. of Mtge.(s) .... | Value claimed exempt |
|---|---|---|---|
| 4 bedrm. residence located at 9601 S. Parnell, Chicago, IL | $60,000.00 | $18,000.00 | Hus. — 7500.00 Wife — 7500.00 ...." |

7. All other assets listed on Debtors' Schedule of Property are subject to lien or claimed exempt in amounts in excess of the stated value and are therefore property of the estate which is not subject to administration and which, if the estate of the Debtors were liquidated under Chapter 7 of title 11 of the United States Code, could not be distributed as payment on allowed unsecured claims.

If the estate of the Debtors were liquidated under Chapter 7 of title 11 of the United States Code, the real estate above described would constitute the entire estate administered and available for distribution to pay allowed unsecured claims. The value thereof, as indicated in the Debtors' Schedule of Property, is $60,000.00, as of March 12, 1980, which date is considered by the Court to be the effective date of the Plan for purposes of considering the application and effect of Section 1325(a)(4).

8. The potential allowed unsecured claims which would receive distribution and payment if the estate of the Debtors were liquidated under Chapter 7 of title 11 of the United States Code are as follows:

| "Nelson Bros. | $ 658.00 |
|---|---|
| Goldblatt Bros. | $1008.00 |
| Montgomery Ward & Co. | $1132.00 |
| Bank Leumi | $3587.00 |
| Blazer Financial Services | $ 493.00 |
| Devon Bank | $1180.00 |
| Chicago City Bank & Trust Co. | $1528.00 |
| Ford Motor Credit Co. | $ 717.00 |
| Visa | $1000.00 |
| J. C. Penney Co. | $ 435.00" |

9. Assuming an aggregate administration expense, including costs, fees and allowances, of 30% of the total value of the estate to effect liquidation under Chapter 7 of title 11 of the United States Code, the amount that would be paid to allowed unsecured claims would be $18,900.00, and the pro rata distribution to the creditors would be as follows:

| Creditor | Amount of Unsecured Claim | Amount of Payment |
|---|---|---|
| Nelson Bros. | $ 658.00 | $ 658.00 |
| Goldblatt Bros. | $1008.00 | $1008.00 |
| Montgomery Ward & Co. | $1132.00 | $1132.00 |
| Bank Leumi | $3587.00 | $3587.00 |
| Blazer Financial Services | $ 493.00 | $ 493.00 |
| Devon Bank | $1180.00 | $1180.00 |
| Chicago City Bank & Trust Co. | $1528.00 | $1528.00 |
| Ford Motor Credit Co. | $ 717.00 | $ 717.00 |
| Visa | $1000.00 | $1000.00 |
| J. C. Penney Co. | $ 435.00 | $ 435.00 |

10. The Court has given no consideration or weight to the date of distribution under the hypothetical Chapter 7 liquidation. § 726 of title 11 of the United States Code provides in part as follows:

"(a) Except as provided in section 510 of this title, property of the estate shall be distributed—

(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title;

(2) second, in payment of any allowed unsecured claim . . . ;

. . . . .

(5) fifth, in payment of interest at the legal rate from the date of the filing of the petition, on any claim paid under paragraph (1), (2), . . . of this subsection; and (6) sixth, to the debtor. . . ."

Accordingly, if the estate of the Debtors were liquidated under Chapter 7 of title 11 of the United States Code, each claimant holding an allowed, unsecured claim would be entitled, in addition to the amount of his claim, to interest at the legal rate from the date of the filing of the petition. Under the circumstances of the instant case, there would be sufficient funds to pay interest to each claimant. Consequently, the present value, as of the effective date of the Plan, of distribution and payment that would be made on each allowed unsecured claim in a liquidation under the circumstances of this case, is equal to the allowed amount of each such claim, regardless of the date of distribution and payment.

The Plan herein provides in pertinent part as follows:

"1. The Debtor submits all, or such portion of his future earnings or other future income to the control of the trustee as is necessary for the execution of the plan, in which case, the petitioner or other entity, shall pay to the trustee the sum of $90.00 each Friday ($388.00 a mo.) until 100% of the allowed debts herein are paid.

. . . . .

2. All claims entitled to priority under 11 U.S.C. Sec. 507 shall be paid in full in deferred cash payments as provided on the attached schedule of debts unless the holder of a particular claim agrees, pursuant to an order of court, to a different treatment of such claim.

3. After payment of costs of administration as provided by order of court, the following creditors have priority in the following order.

A. Secured and certain other priority creditors:

1. Cumulative current mortgage payments as ordered by the Court;

2. Cumulative monthly payments pro rata scheduled through the plan or as ordered by the Court on debts secured by automobiles or vehicles.

3. Debts prorated in full or as ordered by the Court for 1st mortgage arrearages secured by real estate.

4. Cumulative monthly payments pro rata scheduled through the plan or as ordered by the court on debts secured by junior mortgages on real estate.

5. Cumulative monthly payments pro rata scheduled through the plan or as ordered by the Court on: Debts secured by personal property; child support or maintenance in divorce and separation matters; returned check obligations; debts guaranteed by an accommodation signer; utility charges & non dischargeable debts.

B. Tax claim creditors: Tax claims pro rata in full according to their priorities under the Bankruptcy Code.

C. General and unsecured creditors: All unsecured creditors and creditors not provided for above, shall be paid in per capita payments, unless other wise provided for on the attached list of debts.

. . . . .

5. 27 . . unsecured creditors shall be paid 100% of claims allowed or as set forth by class on the attached schedule of debts.

6. This is an Extension . . . Plan with a term of 48 months. . . . "

12. The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is substantially less than the aggregate amount of payments to be made to each such claimant under the Plan. This value, referred to as the present value or the capital value of periodic payments, is computed by means of a mathematical formula which takes into account the interest

rate at which a given amount invested now would grow for any specified period of time.[1] For purposes of this computation, the Court has applied the legal rate of interest provided by Illinois statute of 9% per annum (¾% per month). Ill.Rev.Stat. ch. 74, § 3, as amended by P.A. 81–874, effective Jan. 1, 1980, 5 Ill.Legis.Serv.1979 (West). If an interest rate higher than 9% were used to determine the present or capital value of the periodic payments to be distributed under the Plan, that value would be reduced in an inverse proportion to the increase in rate.

The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each potential allowed unsecured claim is as follows:[2]

13. Under the Plan as hereinabove set forth, periodic payments to unsecured creditors will not begin until all priority administrative expenses have been paid in full and may be further deferred until after secured and priority creditors have received all or a substantial portion of their claims. This deferral of payments will only serve to reduce the present or capital value of the distribution to be made to unsecured creditors under the Plan.

14. The Court has given no consideration or weight to the probability of default or failure of Debtors to make all payments under the Plan or to comply with the Plan. To do so would be speculative and not subject to precise calculation. However, this factor, if applied could only further reduce the present or capital value of the periodic payments to be distributed under the Plan.

The Court Concludes and Further Finds:

■ 1. The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate of the Debtors were liquidated under Chapter 7 of title 11 of the United States Code on such date.

2. The Court is constrained not to confirm the Plan unless the Court finds that each of the six criteria set forth in Section 1325(a) of title 11 of the United States Code has been met.

■ 3. No objection need be made by a creditor, the Trustee, either the Standing Trustee or the United States Trustee, or any party in interest as a condition precedent to the Court's inquiry or determination relative to the criteria set forth in Section 1325(a) of title 11 of the United States Code. The language of this Section is clear that the Court shall confirm the Plan only if the six criteria set forth therein have been satisfied.

It may be contended that Bankruptcy Rule 13–213 requires that an objection to confirmation of the Plan be made before the court may make inquiry as to whether the criteria set forth in Section 1325(a) have been satisfied. However, that Rule merely

1. The present or capital value of periodic future payments is computed based upon the following mathematical formula:

$$v = a \left( \frac{1 - \frac{1}{(1 + i)^n}}{i} \right)$$

(where $v$ is the present value of the series of future payments, $a$ is the amount of each payment, $i$ is the interest rate period, and $n$ is the number of periods over which payments are made). The formula given here is an adaptation of formulas published in Financial Compound Interest and Annuity Tables (5th ed., Financial Publishing Co. 1970).

2. Present values are based on information contained in Financial Compound Interest and Annuity Tables, supra at 351.

| Creditor | Amount of Unsecured Claim | Present or Capital Value of Property to be Distributed under the Plan |
|---|---|---|
| Nelson Bros. | $ 658.00 | $ 550.86 |
| Goldblatt Bros. | $1008.00 | $ 843.89 |
| Montgomery Ward & Co. | $1182.00 | $ 947.68 |
| Bank Leumi | $3587.00 | $3002.98 |
| Blazer Financial Services | $ 493.00 | $ 412.74 |
| Devon Bank | $1180.00 | $ 987.87 |
| Chicago City Bank & Trust Co. | $1528.00 | $1279.21 |
| Ford Motor Credit Co. | $ 717.00 | $ 600.28 |
| Visa | $1000.00 | $ 837.17 |
| J. C. Penney Co. | $ 435.00 | $ 364.20 |

provides, *inter alia*, that if no objection is timely filed, the court need not require proof of the criteria set forth in Section 1325(a)(3), i. e., that the plan has been proposed in good faith and not by any means forbidden by law. Nothing in Rule 13–213 prohibits the court from taking proof, *sua sponte* and where no objection has been filed, with regard to the criteria set forth in subsections (1), (2), (4), (5), and (6) of Section 1325(a). Indeed, even as to subsection (3), the Court may, where no objection is timely filed, require proof of the criteria set forth therein.

It might be suggested that under the views herein expressed, every plan filed by the Debtors, JIMMIE L. WILLIAMS and CLORTEE WILLIAMS, would necessarily fail to satisfy the requirements of Section 1325(a) of title 11 of the United States Code. However, it is this Court's opinion that a plan might be devised in the circumstances of this case under which the present or capital value of the distribution to be made to unsecured creditors would be equal to the distribution that would be made to them if the estate of the Debtors were liquidated under Chapter 7. This Court is of the further opinion that even if such a plan could not be devised, it was not the intent of Congress that every individual who meets the eligibility requirements of Section 109 of title 11 of the United States Code to be a debtor under Chapter 13 of that title be able, under any circumstances, to file a plan warranting confirmation.

IT IS THEREFORE ORDERED that the Debtors' Application for Confirmation be, and the same is hereby denied, and that the Plan filed by Debtors concurrent with their petition for relief under Chapter 13 be, and the same is hereby declared not confirmed.

IT IS FURTHER ORDERED that leave be and is hereby granted to file an amended plan within fifteen days from the date hereof.