**In re Bruce ROBERTS, Debtor.**

**Bankruptcy No. 80 B 20205.**

United States Bankruptcy Court,
S. D. New York.

Jan. 7, 1981.

---

Jeffrey L. Sapir, Standing Trustee, Yonkers, N. Y.

Krainess, Simon & Fish, New York City, for debtor; Susan C. Cohen, Brooklyn, N. Y., of counsel.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The standing trustee objected to the confirmation of the debtor's plan on the ground that the requirement of Code § 1325(a)(4) would not be met because the unsecured creditors could realize a greater amount on their claims in a Chapter 7 liquidation, and because the debtor has not shown sufficient cause, under Code § 1322(c), for the court to approve a sixty month plan. Code § 1325(a)(4) states in part as follows:

> "[T]he value, as of the effective date of the plan, of property to be distributed under the plan on account of cash allowed unsecured claim is not less than the amount that would be paid on such claim of the estate if the debtor were liquidated under Chapter 7 of this title on such date."

The debtor's plan calls for 15% payment to unsecured creditors over the sixty month course of the plan. The plan states that $4,542 is available for unsecured creditors. In addition to $4,542 available to unsecured creditors the plan provides for the payment of a $500 attorney's fee, a payment of $738 to the trustee, and a payment of $1600 to the secured creditor.

The debtor's schedule of real property lists a private residence owned solely by the debtor with a present market value, without deduction for mortgage or other security interest of $22,000. The amount of the mortgage on the property is $6712.24. The debtor claims an exemption in the amount of $7900 under 11 U.S.C. § 522(d)(1), (5).

█ The debtor's schedule of personal property lists an automobile, a 1973 Caprice wagon, with a present market value of $1600. The amount of the security interest on the car is $3206. However, pursuant to Code § 506(a) the amount of the secured claim is the extent of the value of the creditor's interest in the estate's interest in the property. Therefore, the secured claim is equal to the value of the car or $1600. The debtor also claims a $1200 exemption under 11 U.S.C. § 522(d)(2).

The schedule of personal property also lists furniture with a present market value of $1000 and clothing with a present market value of $300. The debtor claims this property is exempt pursuant to 11 U.S.C. § 522(d)(3).

After deductions for payments to secured creditors and for the Code § 522(d) exemptions[1] claimed by the debtor the value of property which would be distributed to the unsecured creditors if the case were converted to a Chapter 7 liquidation would be $7387.76. From this amount administration expenses under Code § 503 and priority expenses under Code § 507 would have to be deducted before the actual value of the property to be distributed to the unsecured creditors could be determined, 11 U.S.C. § 726.

The administration expenses would include the $500 fee for the debtor's attorney, 11 U.S.C. § 330(a) and the trustee's commission of $651, 11 U.S.C. § 326(a). The value of the property from which the trustee's commission would be determined is $15,700. That amount includes $6712.24 which would be paid to the mortgagee of the real property, $1600 which would be paid on the secured claim, and the $7387.76 which would be available to unsecured creditors before deductions for priority expenses. As a priority expense the debtor lists $289.83 payable to the Department of Taxation and Finance of New York State. The debt is for income tax payments due to the state and is a priority obligation under Code § 507(a)(6). These deductions would leave $5946.93 available for unsecured creditors;

---

1. Although debtor's counsel states in her brief that the $10,000 homestead exemption of N.Y. C.P.L.R. § 5206(a) is applicable to this case, the debtor's amended schedules indicate that he opted for the federal exemptions provided in Code § 522(d).

more than the $4542 called for by the debtor's plan.

Counsel for the debtor argues that the court should assume an aggregate administration expense, including costs, fees, and allowances, of 30% of the total value of the estate to effect liquidation under Chapter 7. See, *In re Williams*, 3 B.R. 728, 6 B.C.D. 237 (Bkrtcy.N.D.Ill.1980). Since that court did not discuss its reasons for assuming the 30% figure, and in light of independent calculations, this court will abide by the calculated amounts. Therefore, in order to have his plan confirmed the debtor must amend the plan so as to satisfy the requirement of Code § 1325(a)(4).

■ Accordingly, the plan in its present state cannot be confirmed in that the unsecured creditors will receive less under the Chapter 13 plan than they would if the debtor's assets were liquidated under Chapter 7.[2]

IT IS SO ORDERED.

2. Since the plan cannot be confirmed under Code § 1325(a)(4) there is no need to discuss the standing trustee's objection to the five year plan at this time.