In re Dorothy C. HARDY, Debtor.

Dorothy C. HARDY, Plaintiff-Appellant,

v.

CINCO FEDERAL CREDIT UNION,
Defendant-Appellee.

No. 83–3833.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 10, 1984.
Decided Feb. 19, 1985.

See also, Bkrtcy., 30 B.R. 109.

Robert J. Harris (argued), Cincinnati, Ohio, for plaintiff-appellant.

William R. Schumacher, Cincinnati, Chapter 13 Trustee.

Thomas J. Straus (argued), Cincinnati, Ohio, for defendant-appellee.

Before MERRITT and KENNEDY, Circuit Judges, and DeMASCIO, District Judge.*

DeMASCIO, District Judge.

■ The debtor appeals an order of the bankruptcy judge denying confirmation of the debtor's Chapter 13 plan. Under the terms of the debtor's proposed plan, all allowed unsecured claims would be paid in full over a five-year period. The unsecured creditors, however, would receive no interest on their claims. In denying confirmation, the bankruptcy judge found that all unsecured claims would be paid in full if

the debtor's estate was liquidated. Upon this finding, the bankruptcy concluded that the "liquidation test" stated in 11 U.S.C. § 1325(a)(4) was not met. The district court affirmed. We agree with the district court that the bankruptcy judge properly interpreted 11 U.S.C. § 1325(a)(4). Accordingly, we hold that property to be distributed under a Chapter 13 plan must be reduced to present value when applying the liquidation test set forth in § 1325(a)(4).

On August 3, 1982, Dorothy C. Hardy, filed a petition for adjustment of her debts pursuant to Chapter 13 of the Bankruptcy Reform Act of 1978. 11 U.S.C. §§ 1301–1330. Under her amended plan, which only applied to unsecured creditors, 100 per cent of the $15,989.11 in debts would be paid over a five-year period by $300 monthly payments to the trustee. The debtor's principal asset is the house she lives in. In a schedule filed with the bankruptcy court, she valued her house at $50,000.[1] The house is subject to a first and second mortgage totaling $17,212.87. Appellant also claimed a $5,000 exemption to which she is entitled. Subtracting the amounts of the two mortgages and the exemption from the value of the house, the bankruptcy judge found that appellant had an equity in her home in excess of $27,000.[2]

Of the 27 unsecured creditors, only appellee, Cinco Federal Credit Union (Cinco), filed an objection to confirmation of the plan. Although its written objection was based on 11 U.S.C. § 1325(a)(3), (6), the bankruptcy judge, after hearing arguments at the confirmation hearing, determined that the basis for Cinco's objection was the debtor's failure to comply "with the best interests of creditors test embodied in 11 U.S.C. § 1325(a)(4)." He then held that the debtor's plan could not be confirmed because it failed to satisfy this statutory requirement. The decision was affirmed by the district court.

* Hon. Robert E. DeMascio, United States District Judge, Eastern District of Michigan, sitting by designation.

1. Debtor's argument on appeal that the house may have a value less than $50,000 is without merit. She set the value of her house at $50,000, she cannot now argue that the bankruptcy court erred in adopting her evaluation. If the house had a value less than $50,000 it was her obligation to file appraisals to establish a lesser value.

2. Debtor's actual equity is approximately $25,000. Debtor owed $2,056.52 in delinquent real estate taxes. Although this secured debt should have also been subtracted from the value of the house to determine debtor's equity, failure to do so is harmless.

The sole issue on appeal is whether the value of property to be distributed under a Chapter 13 plan must be reduced to present value when applying the "best interest of creditors test" contained in § 1325(a)(4). The statute at issue provides in pertinent part:

The court shall confirm a plan if—

\* \* \* \* \* \*

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date....

11 U.S.C. § 1325(a)(4).

The express wording of the statute and the legislative history support the bankruptcy judge's conclusion that the value of property to be distributed under a Chapter 13 plan must be reduced to present value. The statute speaks of "the value, as of the effective date of the plan," not a dollar-for-dollar exchange extended over a five-year period. In 5 *Collier on Bankruptcy*, ¶ 1325.01 at 1325–11 (15th ed. 1984), the author observes that:

Section 1325(a)(4) dictates that the chapter 13 plan offer the holder of each allowed unsecured claim property, including deferred payments, of a *present* value not less than the liquidation value of such claim. In other words, the court must capitalize the proposed payments, by converting deferred payments offered the creditor into an equivalent capital sum as of the effective date of the plan. Section 1325(a)(4) cannot be properly applied simply by comparing the sum total of the proposed deferred payments with the likely recovery on the unsecured claim in the event of liquidation.

Given our inflationary economy, we cannot assume that the final $300 deferred payment under the debtor's plan will have the same value as a $300 payment from the debtor's liquidated estate. Simply stated, in an inflationary economy one dollar today is of greater value than one dollar tomorrow.

In addition to the express wording of the statute, the legislative history clearly expresses the intent of Congress to use the present value of property to be distributed under a plan when applying the best interests of creditors test.

"Value, as of the effective date of the plan," as used in paragraph (3) and in proposed 11 U.S.C. [§] ... 1325(a)(4) ... indicates that the promised payment under the plan must be discounted to present value as of the effective date of the plan. The discounting should be based only on the unpaid balance of the amount due under the plan, until that amount, including interest, is paid in full.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 408 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 6364. The use of present value is also supported by several reported cases. *See, e.g., In re Martin,* 17 B.R. 924, 925 (D.N.D.Ill.1982) ("the amount of money paid out in the chapter 13 plan must be adjusted so that its present value equals the value of an immediate Chapter 7 distribution"); *In re Williams,* 3 B.R. 728, 732 (Bankr.N.D.Ill.1980) (value, as of the effective date of the plan, of property to be distributed under the plan is computed by use of a present value formula); *In re Rimgale,* 669 F.2d 426, 430 (7th Cir.1982) (total payments to the unsecured creditors must be reduced to present value when compared to the amount the creditor would receive in a straight liquidation) (dicta).

In applying the best interests of creditors test to appellant's proposed plan, we cannot say that the bankruptcy judge erred in denying confirmation. Debtor has an equity in her house in excess of $25,000. This amount is more than sufficient to cover her approximately $16,000 in unsecured debts. We recognize that the administrative expenses in liquidating an estate may be substantial. *Compare In re Williams,* 3 B.R. at 730 (court assumed that the aggregate administrative expenses of a liquidation under Chapter 7 would amount to 30% of the total value of the estate) *with In re Roberts,* 8 B.R. 155, 157 (Bankr.S.D. N.Y.1981) (refused to assume that administrative expenses would amount to 30% of the value of the estate when the court

made independent calculations of the various administrative expenses). There is nothing in the record, however, to indicate that the cost of liquidating debtor's estate would exceed $9,000—an amount that would jeopardize the full payment of all unsecured debts.

■ Upon full consideration of the record, we are convinced that all unsecured creditors would have been paid in full if the debtor's estate was liquidated under Chapter 7. When liquidation will result in full payment of all allowed unsecured claims, a debtor cannot defer payment of the claims without providing interest payments to the creditors. Because the debtor's plan did not include interest on the deferred payments, the bankruptcy court properly denied confirmation of the plan.

Accordingly, the decision of the district court affirming the decision of the bankruptcy court denying confirmation of the debtor's proposed plan is AFFIRMED.