Carrie HAMILTON, Plaintiff,

v.

**CUYAHOGA COUNTY WELFARE DEPT. et al., Defendants.**

No. C77–1280.

United States District Court,
N.D. Ohio, E.D.

July 3, 1985.

Kenneth Montlack, Cleveland Heights, Ohio, for plaintiff.

Richard A. Hoenigman, Asst. Pros. Atty., Cleveland, Ohio, for defendants.

## ORDER

BATTISTI, Chief Judge.

Plaintiff on May 11, 1984 moved for reasonable attorney fees and legal expenses pursuant to 42 U.S.C. §§ 1988 and 2000e–5(k). Plaintiff states he is the prevailing party in the above-captioned action which sought to "vindicate the rights of Plaintiff under 42 U.S.C. § 1981 and Title VII of the 1964 Civil Rights Act, as amended." As of February 22, 1985, plaintiff's counsel claimed he had expended 197 hours and incurred $237.20 in costs in this case.

## I.

Plaintiff filed the complaint in the above action on December 20, 1977. On May 1, 1984, this Court issued a memorandum opinion and order declaring that plaintiff was entitled to backpay through July 18, 1977 in the amount of $23,266.80; that plaintiff was entitled to additional contributions to the Public Employees Retirement System; that pre-judgment interest on plaintiff's award of back pay would be imposed at the adjusted prime rate; that plaintiff was entitled to be promoted to a position of responsibility and salary within the Cuyahoga County Welfare Department at the level of "Social Services Administrator 2"; and that if no such position currently existed, the Welfare Department was to compensate plaintiff at pay range "333" and promote her at the earliest possible time an opening occurred. Finally, the Court denied plaintiff's claim for punitive damages.

On May 31, 1984, Defendant filed its Notice of Appeal to the Sixth Circuit Court of Appeals. On Defendant's Motion, the Court of Appeals dismissed the appeal on November 23, 1984.

## II.

Title 42, section 1988 of the United States Code provides in pertinent part that "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

█ It is clear that plaintiff is indeed the prevailing party in this action, having been awarded not only backpay but a declaration of entitlement to promotion and additional contributions to a retirement fund. In light of *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Sixth Circuit has clarified the determination of the "prevailing party" in *Kelley v. Metropolitan County Board of Education*, 755 F.2d 67 (6th Cir.1985)*. Reconciling its decision in *Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624 (6th Cir.1979), *cert. denied*, 447 U.S. 911, 100 S.Ct. 3000, 64 L.Ed.2d 862 (1980) with *Hensley*, the Sixth Circuit stated that "the *overall results* will still be the primary factor in determining attorneys fees." *Kelley*, 755 F.2d at 74. "Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940. Examining the overall record, the grant of a motion for summary judgment and the subsequent relief received by plaintiff clearly establishes the plaintiff succeeded and is the "prevailing party." There has been no objection received from defendant to this point.

As the Supreme Court most recently noted in *Webb v. Board of Education of Dyer County, Tennessee*, —— U.S. ——, ——, 105 S.Ct. 1923, 1928, 85 L.Ed.2d 233 (1985), "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended

---

* A rehearing has been granted in this case.

on the litigation multiplied by a reasonable hourly rate." In addition, the burden of submitting evidence to establish the hours worked and the rates claimed is on the party seeking the fees award. *Id.*

Instead of using a series of twelve factors to determine an appropriate award, see *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974), the Sixth Circuit has adopted "an analytical approach" *Kelley v. Metropolitan County Board of Education,* 755 F.2d 67, 72 (6th Cir.1985). Quoting from its earlier opinion in *Northcross v. Board of Education of Memphis City Schools,* 611 F.2d 624, 642–43 (6th Cir.1979), the Sixth Circuit stated:

> We conclude that an analytical approach, grounded in the number of hours expended on the case, will take into account all of the relevant factors and will lead to a reasonable result. The number of hours worked will automatically reflect the "time and labor involved," "the novelty and difficulty of the question," and "preclusion of other employment." The attorney's normal hourly billing rate will reflect "the skill requisite to perform the legal services properly," "the customary fee," and the "experience, reputation and ability of the attorney." Adjustments upward may be made to reflect the contingency of the fee, unusual time limitations and the "undesireability" of the case.

*Kelley,* 755 F.2d at 72.

Plaintiff's initial accounting of hours in his Motion for Attorney Fees does not include any time spent in state administrative proceedings. In *Webb v. Bd. of Education of Dyer County Tennessee,* — U.S. —, 105 S.Ct. 1923, 85 L.Ed.2d 233 (1985), the Court held that 42 U.S.C. § 1988 does not authorize fee awards to prevailing parties for time spent in state administrative proceedings. Since plaintiff has not included any such time in his request, the entire 184 hour total at the district court level may be used to determine the fee award.

■ Plaintiff also claims an additional 13 hours for appellate work. In *Buian v.*

*Baughard,* 687 F.2d 859, 861 (6th Cir.1982), the Court stated:

> In the absence of express statutory mandate, respect for the three levels at which costs have traditionally been awarded pursuant to court rule directs the conclusion that a prevailing party is not entitled to attorney's fees for appeals as part of district court costs. Instead, a party must be entitled to receive costs on appeal as a result of the appellate court's award of costs before it is eligible to receive attorney's fees as a part of those costs under section 1988.

*Id.* at 861.

The Sixth Circuit's order granting defendant/appellant's voluntary motion for dismissal on November 26, 1984 does not explicitly state that plaintiff is entitled to costs. However, since Federal Rule of Appellate Procedure 39 provides that appellant will bear the costs on dismissal, plaintiff is entitled to costs. Hence, under *Buian,* the 13 hours of appellate work may also be included in the fee determination.

### III.

Having determined the number of hours expended, the Court must determine the "reasonable rates" to be charged for those hours. In *Blum v. Stenson,* — U.S. —, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), the Supreme Court stated that such rates are to be determined "according to the prevailing market rates in the relevant community." 104 S.Ct. at 1547. Plaintiff has stated that his "customary fee for representation in civil rights litigation is at the rate of $100.00 per hour." Plaintiff's Motion for Attorney Fees, at 4.

Although plaintiff has not submitted any materials to establish the prevailing market rate for civil rights attorneys in the greater Cleveland area, the Court takes judicial note that "customary fees" for similar work have been awarded in other cases in this district at rates ranging from $80 per hour in 1980 to $200 per hour currently. Therefore, the Court concludes that plaintiff's attorney is entitled to a minimum rate of $100.00 per hour.

■ In *Kelley*, as noted above, the Sixth Circuit noted that the hourly billing rate could be adjusted upward to reflect the contingent nature of the award, "unusual" time limitations and the "undesirability" of the case. *Kelley*, 755 F.2d at 72. Another factor to be considered is whether the case involves an "unusually unpopular cause" and inflation. *Northcross*, 611 F.2d at 638, 640.

■ Plaintiff contends that the contingent fee arrangement in this case is a "real element" in support of upward adjustment of the reasonable hourly rate. Supplemental Brief in Support of Motion for Attorney Fees, at 2. Noting that the burden of establishing a *prima facie* case of discrimination is heavy and that plaintiff's likelihood of prevailing was uncertain given defendant's position in Common Pleas court, this Court is guided by *Northcross* to give an upward adjustment of 10% in the hourly rate to accommodate the contingent nature of the proceeding. *Northcross*, 611 F.2d at 641.

The Court does not consider plaintiff's "novelty and difficulty" arguments convincing enough to merit an upward adjustment; this factor has already been considered by permitting counsel to receive compensation for all the hours billed. In addition, it would be a windfall to plaintiff to allow him to collect additional amounts for the "delay" he asserts defendants caused by resisting discovery. Plaintiff's Motion at 4; Supplemental Motion at 2. In the absence of proof that defendants acted maliciously and made frivolous objections to discovery as well as no finding on the record by this Court that defendants violated a discovery order, this Court is reluctant to, in effect, penalize defendant for exercising his rights regarding discovery by granting plaintiff an additional award. The "delay" which plaintiff notes is not unusual for federal court litigation; indeed between November 5, 1980 and May 6, 1983, not a single document was filed by either party. Once the case became "active" again in July 1983, the Court disposed of it on summary judgment in less than a year. Hence, plaintiff cannot contend that during the entire period of "delay" that he was working on the case. Nor, in this court's discretion, was this case particularly unpopular or undesireable. Therefore, including the 10% increase as a contingency factor, plaintiff's counsel will receive an hourly rate of $110 per hour.

Using 197 hours as the reasonable hours of service and $110. per hour as the reasonable hourly rate, plaintiff's counsel is entitled to an attorneys fees award of $21,-670.00.

## IV.

## COSTS AND OUT–OF–POCKET EXPENSES

■ Federal Rule of Civil Procedure 54(d) provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Pursuant to 28 U.S.C. § 1920, certain costs may be taxed in the court's discretion. Section 1988 of title 42 has also been interpreted to permit the award of reasonable "out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services. Reasonable photocopying, paralegal expenses and travel and telephone costs are thus recoverable pursuant to the statutory authority of § 1988." *Northcross*, 611 F.2d at 639. Plaintiff's costs and out-of-pocket expenses at the district court level of $204.70 are reasonable, within the permissible categories of 28 U.S.C. § 1920 and out-of-pocket expenses, and are hereby granted.

As for costs incurred after May 11, 1984 with regard to the appellate proceedings, Federal Rule of Appellate Procedure 39 provides that "[e]xcept as otherwise provided by law, if an appeal is dismissed, costs shall be taxed against the appellant unless otherwise agreed by the parties or ordered by the court ..." The Sixth Circuit's dismissal order does not specify the terms as to payment of costs. Nor is this Court aware of any agreement between the parties regarding costs. Therefore, plaintiff is

**174**

entitled to an additional $32.50 in photostating expenses.

### V.

IT IS HEREBY ORDERED that plaintiff is entitled to $21,670 in attorney fees and $237.20 in costs and expenses.

IT IS SO ORDERED.