### G.

### IV.

Maureen S. Caine, Grady & Riley, Waterbury, Conn., for debtors.

Gilbert L. Rosenbaum, Hartford, Conn., for trustee.

### RULING ON TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN

ROBERT L. KRECHEVSKY, Chief Judge.

**In the Matter of B. Joseph BARTH aka: Joseph Barth, Martha Elizabeth Barth aka: Martha Barth, Debtors.**

**Bankruptcy No. 2–87–00859.**

United States Bankruptcy Court, D. Connecticut.

March 1, 1988.

### I.

The question raised in this chapter 13 case is how to estimate, in the absence of evidence, the cost of estate liquidation in a hypothetical chapter 7 case for purposes of determining the best-interest-of-creditors test at a hearing on plan confirmation. Under 11 U.S.C. § 1325, a court must initially make six affirmative findings in order to confirm a chapter 13 plan. The fourth finding, the best-interest-of-creditors finding, (*see* S.Rep. No. 989, 95th Cong. 2d Sess. 142, *reprinted in* 1978 U.S. Code Cong. & Admin. News 5787, 5928; H.R. Rep. No. 595, 95th Cong., 1st Sess. 430, *reprinted in* 1978 U.S. Code Cong. & Ad-

min. News 5963, 6385), is described in § 1325(a)(4) as follows:

> [T]he value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date[.]

11 U.S.C. § 1325(a)(4) (1982).

The parties are not in disagreement as to the following facts.

## II.

B. Joseph Barth and Martha Elizabeth Barth, the debtors, propose in their amended plan[1] to make thirty-six monthly payments of $153.60 to Gilbert L. Rosenbaum, the chapter 13 trustee, to provide unsecured creditors with an anticipated fifteen percent dividend. The debtors intend to pay secured claims outside the plan.

The unchallenged value of the debtors' total assets is $163,533.00.[2] The trustee subtracted therefrom $154,627.00, representing mortgage balances ($132,377.00) and possible chapter 7 exemptions ($22,250.00) to arrive at a net figure of $8,906.00 potentially available for payment to unsecured creditors in a chapter 7 case. He did not subtract any amount to account for the chapter 7 cost of asset liquidation. On this basis, the trustee asserted the debtors needed to pay into their plan a total of $10,046.82, or $279.08 monthly, to equal the present value of $8,906.00 available to unsecured creditors in a chapter 7 case. *See Hardy v. Cinco Federal Credit Union (In re Hardy)*, 755 F.2d 75, 77 (6th Cir. 1985) (the value of property to be distributed under a chapter 13 plan must be reduced to present value when compared to the amounts creditors would receive in a chapter 7 liquidation). The trustee objected to the confirmation of the debtors' amended plan.

The debtors, on the other hand, claim they are entitled to use a liquidation cost of $9,300.00, based upon a six percent "disposal cost" of their residence, for the § 1325(a)(4) calculation. Under this method of calculation, their plan payments would obviously satisfy the best-interest-of-creditors test.

## III.

Case law discussing the issue presented here is sparse. Two decisions generally support the principle that when no evidence of liquidation cost has been offered by the debtor, a chapter 7 trustee's probable compensation is the appropriate deduction from estate assets in order to determine, for comparative purposes, what unsecured creditors would receive in a chapter 7 case. I agree with this position. In *In re Roberts*, 8 B.R. 155 (Bankr.S.D.N.Y.1981), the court had before it a typical·chapter 13 estate, comparable to the Barth estate— that is, one comprised of a residence, an automobile and personal belongings. To decide the best-interest-of-creditors test, the *Roberts* court calculated a chapter 7 trustee's fee pursuant to 11 U.S.C. § 326(a) to determine administrative expense. Similarly, in *In re Knipping*, 40 B.R. 865, 866 (Bankr.W.D.La.1984), the court held that "to compare the Chapter 13 distribution to a Chapter 7 liquidation ... a trustee's fee should be deducted from the amount available for distribution to unsecured creditors upon liquidation." The only other court rulings located are *In re Williams*, 3 B.R. 728 (Bankr.N.D.Ill.1980) and *In re Wilheim*, 29 B.R. 912 (Bankr.D.N.J.1983). In *Williams*, without any discussion, the court "assumed" an administrative expense of thirty percent to effect liquidation under chapter 7 in order to establish that the proposed chapter 13 distribution would still

---

**1.** The court denied confirmation of the debtors' original plan because the plan did not provide that all of the debtors' disposable income to be received during the three-year period of the plan was to be applied to making payments under the plan. *See* 11 U.S.C. § 1325(b)(1)(B) (Supp. IV 1986).

**2.** The assets include a residence valued at $155,000.00, two automobiles valued at $3,283.00, and miscellaneous personal belongings worth $5,250.00.

be less than what would be paid in a chapter 7 case. *Williams,* 3 B.R. at 730, 732. The *Roberts* court appropriately rejected the argument that *Williams* is authority for the use of a thirty percent figure for determining the cost of chapter 7 liquidation. *Roberts,* 8 B.R. at 157. In *Wilheim,* the debtor claimed an eight percent liquidation cost which the court rejected as "exceed[ing] the norm." *Wilheim,* 29 B.R. at 914. Instead, without explanation, the court applied a six percent rate. *Id.*

When performing the best-interest-of creditors test, the expenses of a hypothetical chapter 7 liquidation must be accounted for. The chapter 7 trustee's compensation is statutorily mandated. Section 326(a) authorizes maximum compensation to a chapter 7 trustee based upon fifteen percent of the first $1,000.00 turned over to parties-in-interest, six percent of the next $2,000.00, and three percent of any amount in excess of $3,000.00. 11 U.S.C. § 326(a) (Supp. IV 1986).

It is the debtor's burden to establish all the conditions necessary for plan confirmation under § 1325(a). *See In re Vaughn,* 28 B.R. 550, 554 (Bankr.S.D.Ohio 1983). If a debtor claims liquidation expense in addition to trustee compensation, the burden will be on the debtor to establish such amount. The court will not accept blanket assertions that six percent, or any other percentage of estate assets, automatically should be allowed to establish liquidation cost. Furthermore, in estimating chapter 7 trustee compensation, no consideration should be given to assets that are exempt, or that may be abandoned. The stated § 326(a) percentages apply only to monies "turned over" to creditors. In like manner, the chapter 13 trustee's compensation is deducted from monies to be paid on estate claims. *See* 11 U.S.C. § 326(b) (Supp. IV 1986).

### IV.

The trustee, in his post-hearing memorandum, concedes that in the event the court allows the deduction of chapter 7 trustee compensation, the debtors' "plan would meet the requirement of 11 U.S.C.

[§] 1325(a)(4)." *Trustee's Brief* 1. Having determined that the chapter 7 trustee compensation should be so deducted, and in light of the trustee's concession, the trustee's objection to confirmation is overruled, the debtors' amended plan is confirmed, and a separate order of confirmation shall be entered. It is

SO ORDERED.