**In the Matter of Consuelo Cintron RIVERA, Debtor.**

**Bankruptcy No. 89–03629(ESL).**

United States Bankruptcy Court, D. Puerto Rico.

April 24, 1990.

Alberto O. Lozada, Mayaguez, P.R., for debtor.

Jan P. Johnson, San Juan, P.R., Chapter 13 Trustee.

## MEMORANDUM ON INTEREST AND PRESENT VALUE

HAROLD LAVIEN, Bankruptcy Judge.

■ This case raises the issue of the confirmability of a plan which seeks to pay unsecured creditors a 100 percent of their claim over time when the debtor's assets are sufficient to not only pay 100 percent but also interest.

The statutory provisions are 11 U.S.C. §§ 1325(a)(4) and 726(a)(5).

Sec. 1325(a)(4)[1] provides that distribution under the plan on allowed unsecured claims will be of a *present* value on date of filing for not less than the holders of such claims would receive under Chapter 7 liquidation of debtor's estate ("best interest test"). In relation to the distribution of property of the estate, Section 726(a)(5) provides that "fifth, in payment of interest at the legal rate from the date of the filing of the petition or of claim paid ...".

There does not seem to be any case in this district or indeed in this circuit directly on point; however the limited case law and commentators are consistent and explicit.

■ Valuation of the debtor's property is made as of the date of filing and the debtor is entitled to deduct from any apparent equity, the costs of Chapter 7 liquidation including likely administration expenses, i.e. trustees, brokers, appraisers, auctioneers and attorneys.

See, *In matter of B. Joseph Barth*, 83 B.R. 204 (Bkrtcy.D.Conn., 1988); *Collier on Bankruptcy*, 15th Ed. (1989) Paragraph 1325.05; *Norton Bankruptcy Law & Practice*, Sec. 75.07.

Assuming that there is a net equity large enough to pay unsecured creditors 100 percent on Chapter 7 liquidation, a plan that simply proposes a 100 percent payout over time cannot be confirmed, since a dollar paid a year from now is worth less than a dollar paid today. The plan must compensate with appropriate interest to bring the time payments to present value. See, *In re Hardy*, 755 F.2d 75, 12 BCD 1096 (6th Cir., 1985).

■ There is a lack of uniformity in the courts as how to determine an appropriate rate. The object is to place the creditor where it would be if there had been present payment or payment with a minimum delay, thereby reducing the risk of non payment and enabling the creditor to obtain the benefit of its use of the money. Viewing another perspective, the creditor is being forced over the period of the payments to make an involuntary loan to debtor. Courts have used the coupon rate for 52 week Treasury bills. *In re Frost*, 47 B.R. 961 (D.Kan., 1985) rejecting the IRS 26 U.S.C., Section 6621 rate. One court used the market rate with the contract rate as a cap. *In re Colegrove*, 771 F.2d 119, 13 BCD 678 (6th Cir., 1985). I prefer the dissent's holding for the contract rate when there is one. After all that is what the parties agreed to and the reason for denying interest in bankruptcy no longer applies, since all creditors are being paid in full. *Vanston Bondholders Protective Committee v. Green*, 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162 (1946). Where there is no contract rate courts have adopted the Section 6621 tax liabilities rate as a reflection of the market. See *In re Busman*, 5 B.R. 332, 6 BCD 683 (Bkrtcy.E.D.N.Y., 1980); *In re Ziegler*, 6 B.R. 3, 6 BCD 194 (Bktcy., S.D. Ohio, 1980). To me its seems more consistent with the two goals of providing a substitute for the absence of the security of a bird in the hand, and the interest earned in the use of the funds, to look to the most secure loan, namely government bonds of the same length of time and adding 2 or 3 points for the undesirability in a comparison of the forced loans and an additional ½ to 1 point for the added chapter 11 risk factor.

---

1. "the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date."

The present value should apply whether or not a 100 percent plan is possible as long as debtor has any equity in bricks and mortar that would give a cash dividend in Chapter 7, but payment is proposed over time. However, a 100 percent plan with equity remaining after the dividend, presents a further interest problem because Section 1325(a)(4) refers us back to Section 726(a)(5) which requires, when there are sufficient funds, the payment of interest at the legal rate. To the extent liquidation in chapter 7 would produce sufficient funds to pay all claims in full, the claimants would be entitled to interest from the date of filing at the Puerto Rico legal rate. See *In re Williams*, 3 B.R. 728 (Bkrtcy.N.D., Ill.E.D., 1980); *In re Martin*, 17 B.R. 924 (N.D.Ill.E.D., 1982); *In re Hardy*, 755 F.2d 75, 12 BCD 1096 (6th Cir. 1985). See also *3 Cowans Bankruptcy Law and Practice*, 1989 Edition, Sec. 1919 at p. 267 et seq.

Since there are sufficient assets to pay interest and a present value increment is necessary under 11 U.S.C. § 1325(a)(4), the plan cannot be confirmed.

The Clerk will give the notice.